1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10

11     MARK JORDAN,                              No.  1:15-cv-01895-LJO-SKO  HC

12                     Petitioner,               **ORDER DENYING PETITIONER'S
                                                 MOTION FOR RECONSIDERATION**
13           v.

14     ANDRE MATEVOUSIAN,
                                                 **(Doc. 26)**
15                     Respondent.

16

17          Petitioner Mark Jordan is a federal prisoner proceeding *pro se* with a petition for writ of

18     habeas corpus pursuant to 28 U.S.C. § 2241.  On August 10, 2016, the Court denied Petitioner's

19     motion for an extension of time, *nunc pro tunc*, to file a reply to Respondent's motion to dismiss.

20     Doc. 24.  On August 18, 2016, Petitioner moved for reconsideration, strengthening his argument

21     that despite his having provided the reply to the prison mail room for timely mailing, his reply

22     was never filed by the Clerk of Court.

23          A party cannot have relief merely because he or she is unhappy with the Court's denial of

24     his motion.  *See, e.g., Khan v. Fasano*, 194 F.Supp.2d 1134, 1136 (S.D.Cal. 2001).

25     Reconsideration of a court's order is an "extraordinary remedy to be employed sparingly in the

26     interests of finality and conservation of scarce judicial resources."  *Kona Enterprises, Inc. v.*

27     *Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), *quoting* 12 James Wm. Moore, Moore's

28

                                                      1

Federal Practice § 59.30[4] (3d ed. 2000).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *Kona Enterprises*, 229 F.3d at 890, *quoting 389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).  "[A] motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief." *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

This motion for reconsideration presents no newly discovered evidence, clear Court error, or intervening change in controlling law.  Petitioner presents only his personal declaration, electronic correspondence with an entity outside prison ("Jordan Center for Criminal Justice and Penal Reform"), and correspondence concerning unrelated difficulties with the U.S. Postal Service in 2015.  Petitioner provided no evidence of his deposit of his legal mail with the prison mail room, such as a photocopy of the legal mail log.  In an abundance of caution, the Court directed Respondent to file supplemental information concerning its receipt of the reply, as documented by the certificate of service, as well as any available documentation from the USP-Atwater mail room.  Respondent provided a prompt and detailed response, which did not provide support for Petitioner's claims.

Based on the foregoing, Petitioner's motion for reconsideration of the Court's August 18, 2016, denial of his motion for extension of time is hereby DENIED.


IT IS SO ORDERED.

Dated:   **October 11, 2016**                                    /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE